O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LASC, Case No.: BC390170

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3710 AHM (FMOx) | Date | November 7, 2008 |
|---|---|---|---|
| Title | USC-KENNETH NORRIS JR. CANCER HOSPITAL, *et al.* v. AETNA HEALTH OF CALIFORNIA, INC., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**       IN CHAMBERS (No Proceedings Held)

## I.   INTRODUCTION

This matter is before the Court on the motion of Plaintiffs USC-Kenneth Norris Jr. Cancer Hospital and USC University Hospital, Inc. ("Plaintiffs") to remand this action to the Los Angeles Superior Court and the motion of Defendants Aetna Health of California, Inc. and Aetna Health Management Inc. (collectively "Aetna") to dismiss the action.

Plaintiffs filed this action against Aetna in state court on May 2, 2008. The complaint seeks damages based on claims for breach of written contract, breach of implied contract, negligent misrepresentation, and quantum meruit. Plaintiffs allege that they provided medical services to four patients who were members of Aetna's health benefits plan after Aetna represented that it would cover the full cost of the services, and that Aetna ultimately paid only a portion of the total billed charges.

On June 6, 2008, Aetna removed the action to federal court on the grounds that the Employee Retirement and Income Security Act ("ERISA") completely preempts Plaintiffs' state law claims as to three of the four patients and therefore this Court has original jurisdiction under 28 U.S.C. § 1331. On June 13, 2008, Aetna filed a motion to dismiss the action based on ERISA preemption. In support of removal and dismissal, Aetna contends that Plaintiffs' implied contract claims should be converted into ERISA causes of action because they "relate[] to" the patients' ERISA plans within the meaning of ERISA's preemption provision, 29 U.S.C. § 1144(a), and the patients assigned their ERISA health care plan benefits to Plaintiffs.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3710 AHM (FMOx) | Date | November 7, 2008 |
|---|---|---|---|
| Title | USC-KENNETH NORRIS JR. CANCER HOSPITAL, *et al.* v. AETNA HEALTH OF CALIFORNIA, INC., *et al.* | | |

On July 21, 2008, Plaintiffs filed a motion to remand on the grounds that the Court lacks jurisdiction because there is no complete preemption by ERISA. Plaintiffs also filed an opposition to Aetna's motion to dismiss. Plaintiffs dispute that their implied contract claims should be characterized as ERISA claims. They are seeking damages under contract law as third party health care providers, they argue, not asserting claims for benefits as assignees of an ERISA plan.

Although the parties make similar arguments on both motions, the Court must first address the issue of removal jurisdiction. If the Court determines that ERISA does not preempt Plaintiffs' state law claims, then it must remand the action. That is indeed precisely what the Court finds. Thus, and for the reasons stated more fully below, the Court holds that Aetna has not established removal jurisdiction. Accordingly, the motion to remand is GRANTED and the motion to dismiss is VACATED without prejudice.

## II.    BACKGROUND

Plaintiffs USC-Kenneth Norris Jr. Cancer Hospital ("USC Norris") and USC University Hospital, Inc. ("USC Hospital") are licensed by the State of California as acute care hospitals. Compl. ¶¶ 1-2. Aetna is a licensed health care insurer. *Id.* ¶ 3. Plaintiffs seek payment for medical services provided to four patients: Jose G., Steven L., Mario O. and Jonathan S.[1] Each patient had health insurance coverage through Aetna. Notice of Removal ¶ 7(a) (citing Compl.).

### A.    Allegations Concerning Payment for Jose G.'s Treatment at USC Norris

USC Norris entered into a written Managed Care Agreement with Aetna to provide medical care at reduced rates to members enrolled or covered by any health benefit plan issued, administered or serviced by Aetna. Compl. ¶ 7. This agreement provided that Aetna would pay the hospital for medical services rendered in accordance with the terms of the agreement. *Id.* This agreement was in place at the time that USC Norris provided treatment to Jose G. The hospital billed Aetna and expected reimbursement in the

---

[1]Plaintiffs initially asserted claims for damages for services rendered to five patients, but they have since dismissed the claims against one of the patients, Henry L.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3710 AHM (FMOx) | Date | November 7, 2008 |
|---|---|---|---|
| Title | USC-KENNETH NORRIS JR. CANCER HOSPITAL, *et al.* v. AETNA HEALTH OF CALIFORNIA, INC., *et al.* | | |

amount of $38,070.09 according to the rates set forth in the agreement. Compl. ¶ 9. Aetna paid the hospital $31,930.72. USC Norris appealed to Aetna to request payment of the remaining balance, and Aetna denied the appeal. Comp. ¶ 11.

Based on the events involving Jose G., Plaintiffs assert claims for breach of written contract, breach of implied contract, negligent misrepresentation and quantum meruit. Aetna recognizes that the state law claims concerning Jose G. are not preempted by ERISA and requests that the Court exercise supplemental jurisdiction over those claims. Def'ts' Mot. to Dismiss at 6.

**B.      Allegations Concerning Payment for Treatment of Steven L., Mario O. and Jonathan S. at USC Hospital**

Plaintiffs' allegations with respect to the other three patients are similar. Each of them received treatment at USC Hospital. Plaintiffs did not have a contract with Aetna concerning payment for medical services at USC Hospital (unlike the written contract that Plaintiffs and Aetna had for USC Norris, where Jose G. was treated). Compl. ¶¶ 23, 30, 38. As a result, Plaintiffs expected reimbursement of 100 percent of the billed charges. *Id.* Prior to admitting each patient, USC Hospital contacted Aetna to verify the patient's medical benefits and to request pre-authorization of the proposed treatment. *Id.* ¶¶ 22, 29, 36. For two of the patients, Steven L. and Mario O., an Aetna representative informed the hospital that authorization was not required. *Id.* ¶¶ 22, 29. For these two patients, the hospital billed Aetna for the total amount of charges; Aetna then paid a large portion of the bill that USC sent, and the patient paid a small portion. *Id.* ¶¶ 23, 24, 30, 31. For the third patient, Jonathan S., the hospital received authorization along with an authorization number. *Id.* ¶ 29. However, when the hospital billed Aetna for the total charges for Jonathan S., Aetna denied the hospital's claim, stating the services were not authorized. *Id.* ¶¶ 38, 39.

For each patient, USC Hospital appealed to Aetna for the unpaid balance, and each time Aetna denied the appeal. Compl. ¶¶ 25, 32, 39. Plaintiffs claim compensatory damages for the services USC Hospital provided to these three patients based on theories of implied contract, negligent misrepresentation and quantum meruit. According to Plaintiffs, these claims are based on an implied agreement that arose based on Aetna's

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3710 AHM (FMOx) | Date | November 7, 2008 |
|---|---|---|---|
| Title | USC-KENNETH NORRIS JR. CANCER HOSPITAL, *et al.*  v. AETNA HEALTH OF CALIFORNIA, INC., *et al.* | | |

representations when verifying the patients' benefits and on the parties' prior course of dealing.  It is these implied contract claims that Aetna contends are completely preempted by ERISA.

## III.  LEGAL STANDARD

The removal statute is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). " Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000).  Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 U.S. at 1014.  "A defense is not part of a plaintiff's pleaded statement of his or her own claim." *California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004.  The plaintiff is the "master" of the case, and if the plaintiff can maintain the claims on both state and federal grounds, the plaintiff may ignore the federal question, assert only state claims, and defeat removal. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  However, the "artful pleading doctrine is a corollary to the well-pleaded complaint rule, and provides that although the plaintiff is the master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003).

## III.  DISCUSSION

### A.     Complete Preemption and Conflict Preemption

The court must first determine whether USC Hospital's implied contract claims are

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3710 AHM (FMOx) | Date | November 7, 2008 |
|---|---|---|---|
| Title | USC-KENNETH NORRIS JR. CANCER HOSPITAL, *et al.* v. AETNA HEALTH OF CALIFORNIA, INC., *et al.* | | |

of the type that could be "completely preempted." A corollary to the well-pleaded complaint rule, the complete preemption doctrine provides that "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). "In such a case, even if the only claim in a complaint is a state law claim, if that claim is one that is 'completely preempted' by federal law, federal subject matter jurisdiction exists and removal is appropriate." *Toumajian*, 135 F.3d at 653.

ERISA contains an express preemption clause at 29 U.S.C. § 1144(a). It provides for preemption of "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" as defined by ERISA. 29 U.S.C. § 1132(a) authorizes a civil action by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," and it authorizes participants, beneficiaries, the Secretary of Labor, and fiduciaries to sue for various other kinds of relief.

In the ERISA context, complete preemption applies only when the plaintiff brings claims that both "relate to" an ERISA plan within the meaning of 29 U.S.C. § 1144(a) *and* fall within the scope of ERISA's civil enforcement provisions found in 29 U.S.C. § 1132(a). *Toumajian*, 135 F.3d at 654. If both conditions are not met, there is no federal court jurisdiction and the matter should be remanded. *Id.* If a plaintiff's claim may be preempted under § 1144(a) but the claim does not fall within ERISA's civil enforcement scheme, then only "conflict" preemption may be present. *Id.* In that case, removal is improper and the district court, lacking subject matter jurisdiction, cannot rule on the preemption issue. *Id.* at 655. In other words, "[t]he mere fact that ERISA preemption under § 1144(a) may be raised as a defense, or is in actuality a defense, does not confer jurisdiction or authorize removal." *Id.* at 654.

As the following analysis shows, remand is required because Aetna has not established complete preemption, although it may yet be able to establish conflict preemption.

**B.    Aetna Has Not Established that USC Hospital's Claims Fall Within**

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3710 AHM (FMOx) | Date | November 7, 2008 |
|---|---|---|---|
| Title | USC-KENNETH NORRIS JR. CANCER HOSPITAL, *et al.* v. AETNA HEALTH OF CALIFORNIA, INC., *et al.* | | |

## ERISA's Civil Enforcement Provision

Aetna contends that Plaintiffs' implied contract and negligent misprepresentation claims are encompassed by ERISA's civil enforcement provision, specifically 29 U.S.C. § 1132(a)(1)(B). That provision authorizes a civil action "by a participant or beneficiary. . .to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. . . ."

Plaintiffs contend that their claims are based on contract theories that are independent of the ERISA plan. Specifically, USC Hospital is not seeking "to recover benefits due to [it] under the terms of [its] plan, to enforce [its] rights under the terms of the plan, or to clarify [its] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Rather, its implied contract and misprepresentation claims are based solely on Aetna's representations during the verification and authorization process and the parties' prior course of dealing, including the written contract between Aetna and USC Norris.

Aetna suggests that USC Hospital's disavowal of an ERISA-based theory of recovery is disingenuous. For evidence that Plaintiffs submitted claims to it in their capacity as assignees, Aetna points to bewilderingly technical and incomprehensible copies of electronic and paper claim forms. *See* Declaration of Lisa Adinolfi ISO Notice of Removal, Ex. E. There are entries somewhere on these forms that appear to be an abbreviation of the word "assignment" (as explained in Adinolfi Decl. ¶ 7), but nowhere on those forms can the Court find that Plaintiffs were claiming any rights as assignees. Thus, even were the Court to conclude that there were assignments of benefits, Aetna has not established that Plaintiffs billed it pursuant to an assignment or that they asserted rights as assignees to pursue an administrative appeal to obtain full payment. There is "no basis to conclude that the mere fact of assignment converts the Providers' claims into claims to recover benefits under the terms of an ERISA plan." *Blue Cross of Calif. v. Anesthesia Care Associates Medical Group, Inc.*, 187 F.3d 1045, 1042 (9th Cir. 1999).

Aetna also cites an unpublished district court opinion for the proposition that claims based on oral representations are merely attempts to avoid ERISA preemption.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3710 AHM (FMOx) | Date | November 7, 2008 |
|---|---|---|---|
| Title | USC-KENNETH NORRIS JR. CANCER HOSPITAL, *et al.* v. AETNA HEALTH OF CALIFORNIA, INC., *et al.* | | |

*See Marin General Hospital v. Modesto & Empire Traction Co.*, 2007 WL 1394155, *4 (N.D. Cal. May 9, 2007). That decision dismissed a purported oral contract claim because it "relate[d] to" an ERISA plan and was therefore preempted under section 1144(a). Plaintiffs may very well have crafted their claims so as to avoid ERISA preemption, but as explained above, the "determinative jurisdictional question" before the Court is whether USC Hospital's claim falls within section 1132(a) for purposes of complete preemption. *Toumajian*, 135 F.3d at 655.

USC Hospital's claim does not fall within the scope of section 1132(a) because it relies on a theory independent of an ERISA plan. In evaluating complete preemption, the Ninth Circuit has stated that "an otherwise preempted claim may survive to the extent that it relies on a theory independent of the benefit plan." *Abraham v. Norcal Waste Systems, Inc.*, 265 F.3d 811, 824 (9th Cir. 2001) (holding that claims that were based upon rights that arise under state law and not upon any rights that are governed by ERISA or any violation of the terms of an ERISA plan do not fall within the scope of section 1132(a)) (quotation marks and citation omitted). *Blue Cross* demonstrates that controlling principle. Like here, *Blue Cross* involved plaintiff medical providers who were seeking contract damages from an insurer. *See* 187 F.3d at 1047-49. Like Aetna, Blue Cross argued that the medical providers' right to receive reimbursement depended upon the assignment by the patients of their right to have Aetna pay for medical services. 187 F.3d at 1050. Because the patients were beneficiaries of ERISA health plans, the hospitals were claiming benefits under ERISA plans, argued Blue Cross. *Id.* On appeal from the district court's order remanding the case for lack of removal jurisdiction, the Ninth Circuit held that although plaintiffs' right to monetary recovery depended on assignments of ERISA benefits, their contract claim was based on separate agreements governing the amount of reimbursement. *Id.* In other words, their claim did not fall within ERISA's enforcement provision because they relied on a theory independent of the ERISA plan -- as USC Hospital does here.

Aetna attempts to distinguish *Blue Cross* on the ground that the medical providers there relied on a written contract, whereas USC Hospital's claims are not based on a written contract. That is a distinction without a difference. The principle for which *Blue Cross* stands is that a claim does not fall within ERISA's civil enforcement provision (section 1132(a)) if it relies on a theory independent from the ERISA plan. The Ninth

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3710 AHM (FMOx) | | Date | November 7, 2008 |
|---|---|---|---|---|
| Title | USC-KENNETH NORRIS JR. CANCER HOSPITAL, *et al.* v. AETNA HEALTH OF CALIFORNIA, INC., *et al.* | | | |

Circuit's ruling did not explicitly or implicitly exclude theories based on an implied contract or negligent misrepresentation.

To summarize, there is simply an insufficient showing that USC's claims can fairly be characterized as ERISA claims. *See Metropolitan Life Ins. Co.*, 481 U.S. at 66 (explaining that Congress intended to treat as federal actions lawsuits brought "to recover benefits denied contrary to the terms of the plan") (quoting 120 Cong. Rec. 29933 (1974)). Aetna has not demonstrated that USC Hospital's claims are necessarily claims for ERISA benefits pursuant to an assignment of benefits, artfully pleaded as state law claims. Because Aetna has failed to establish that any of Plaintiffs' claims fall within the scope of ERISA's civil enforcement provision, it is not entitled to removal.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand[2] and remands this action to the Superior Court in Los Angeles. Since removal jurisdiction is absent, the Court cannot rule on ERISA preemption, and thus VACATES Aetna's motion to dismiss without prejudice.[3]

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

_____    :    _____

Initials of Preparer            SMO

**Make JS-6**

---

[2]Docket No. 24.

[3]Docket No. 6.